**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000069
25-APR-2014
08:24 AM**

NO. CAAP-13-0000069

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
IKAIKA REED, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 12-1-0899)

MEMORANDUM OPINION
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Ikaika Reed (**Reed**) appeals from the Judgment of Conviction and Sentence (**Judgment of Conviction**) entered on January 11, 2013, by the Circuit Court of the First Circuit (**Circuit Court**).[1]  Following a two-day jury trial, Reed was convicted of Assault in the First Degree, in violation of Hawaii Revised Statutes (**HRS**) § 707-710 (1993).

The sole issue raised in this appeal involves whether the Circuit Court abused its discretion in denying Reed's motion for withdrawal and substitution of counsel.

I. RELEVANT FACTS

On June 14, 2012, Reed was indicted on one count of first degree assault.  On July 5, 2012, the Office of the Public Defender was appointed as his counsel.

On August 1, 2012, Reed's counsel orally moved to continue the trial because counsel had not yet received a

---

[1]  The Honorable Dexter D. Del Rosario presided.

transcript of the grand jury proceedings. The State did not object and informed the court that not all of the discovery had been turned over yet. Trial was continued to the week of October 1, 2012.

On September 25, 2012, Reed filed a (second) motion to continue trial week. Counsel's declaration stated the following grounds:

b.    On September 19, 2012, I learned that one of the defense's percipient witnesses, Chris Medeiros, was murdered the week before;

c.    On September 20, 2012, the State provided notice and contact information for at least two (2) additional witnesses. At that time, the State also disclosed additional statements from the complaining witnesses that were not previously known and that contradict his prior statements;

d.    On September 24, 2012, the State provided contact information for a third new witness;

e.    I recently received information for additional defense witnesses that I have not had the opportunity to confirm or disclose to the State; and

f.    I need additional time to investigate this case, to obtain additional evidence, and to locate and interview witnesses[.]

The State declared that it was ready to proceed, but was agreeable to Reed's request. A second (two-week) continuance was granted, resetting trial to the week of October 15, 2012 and scheduling an October 10, 2012 trial call.

At the October 10, 2012 trial call, Reed's public defender requested a continuance on behalf of Mr. Reed, stating, "he tells me he's still in the process of obtaining witness information for himself" and "Mr. Reed informs me that he's also in the process of potentially retaining other counsel." After further discussion concerning one of the potential witnesses, the Circuit Court denied the motion to continue on the grounds that "there's been sufficient time to inform these witnesses." The court did not address the issue of new counsel. Trial was set for October 15, 2012.

On the morning of October 15, 2012, after the case was called and the State entered its appearance, the proceeding began:

> MR. TING: And good morning, Your Honor. Ikaika Reed is present with counsel, deputy public defender Henry Ting.
> Well, I believe Mr. Kimoto is here as well. After speaking with Mr. Reed this morning, it's my understanding that he has retained Mr. Kimoto to represent him, so at this time I'm orally moving to withdraw.
>
> THE COURT: Should I grant this motion, will new counsel be ready to pick a jury this morning and to proceed to trial?
>
> MR. KIMOTO: May I speak, Your Honor?
>
> THE COURT: Yes, you may.
>
> MR. KIMOTO: Thank you.
>
> THE COURT: And could you just state your name for the record.
>
> MR. KIMOTO: Oh, yes. Clayton Kimoto, Your Honor. Mr. Ikaika Reed was in conversation with me, and I told him that I'd represent him, but it was contingent of course upon the Court granting a continuance. I am not ready to proceed to trial at this time, Your Honor, because I have not had a chance to interview him. I believe just in my conversation with Mr. Reed, there are a number of witnesses that he intends to call for his case, and I have not had a chance to interview any of them.
>
> THE COURT: When were you contacted?
>
> MR. KIMOTO: I was first contacted -- pardon me, Your Honor, if I may look at my notes. It was sometime last week, Your Honor, it was just before -- the day before last week's trial call, Your Honor.
>
> THE COURT: Okay, the Court is prepared to rule. This issue has been already been addressed by the appellate court. I believe there's a case in which under identical circumstances the defendant had sought to replace counsel on the eve of trial, and the Court –

At this point, with the Circuit Court obviously poised to deny Reed's request to allow substitution of privately-retained counsel, the deputy public defender interjected:

> MR. TING: I'm sorry for interrupting, Your Honor. I believe that Mr. Reed did want to speak to the Court as well, if the Court wants to entertain Mr. Reed.
>
> THE DEFENDANT: The reason for my withdrawing my counsel is because the first time we went continue the case, he was on vacation, he couldn't talk to my witnesses, nothing. So he went continue that one, and the next one he went continue'em, he end up calling my witnesses two days before trial call just last week. And I told him that I have like ten more witnesses, and he no even call. I call his

phone, everything, he no return my call, then he return'em like what, five days later. He get -- he has three more witnesses -- them have three more witnesses. He contacted him, he didn't even tell me they had three more witnesses. Just like he's misrepresenting me all this time. That's how I feel, that's why I like withdraw. All I ask is for one fair trial, Your Honor.

After a brief interaction with appointed counsel regarding whether he wanted to respond to Reed's statements regarding his diligence, the Circuit Court denied Reed's request:

THE COURT: Again, I'm not going to -- well, the case I was talking about, let me address the first issue regarding whether new counsel is ready to proceed. The appellate court's already addressed that issue, and they've left it in the discretion of the Court, and Court looks with disfavor on the replacement of counsel and motion to withdraw on the eve of trial, as it may be at times and I think in this case it can be considered as a dilatory tactic.

However, the courts have allowed withdrawal when new counsel is ready to proceed to trial; however, that's not the case here. And I had indicated on more than one occasion that the Court wanted to start this case. Because Mr. Reed has several cases, the Court wanted to start trying these cases, so the record was clear and it's clear to all the parties that the Court was going to proceed with these cases, so I'm going to deny the motion to withdraw as counsel.

We have a jury ready to proceed, we'll take a recess and bring in the jury. The Court will stand in recess.

After a short recess, jury selection commenced. Thereafter, Reed was tried; found guilty; sentenced to a ten-year term of incarceration, with a mandatory minimum term of three years and four months; and ordered to pay $367.95 in restitution.

II.   POINT OF ERROR

Reed raises a single point of error, contending that:

The circuit court abused its discretion in denying Reed's motion for withdrawal and substitution of counsel, thereby infringing upon his constitutional right to privately retained counsel of his choice.

III.  APPLICABLE STANDARD OF REVIEW

The Hawai'i Supreme Court recently reiterated that:

the right to counsel of choice is qualified, and can be outweighed by countervailing governmental interests. But in light of the right to counsel, and in the absence of countervailing considerations, a criminal defendant should have his, her, or its choice of privately retained counsel. . . . Whether a change in counsel should be permitted . . . rests in the sound discretion of the trial court.

4

State v. Cramer, 129 Hawai'i 296, 300, 299 P.3d 756, 760 (2013) (citing State v. Maddagan, 95 Hawai'i 177, 180, 19 P.3d 1289, 1292 (2001)).

In addition, although the court denied substitution of counsel before a continuance was actually requested (or directly ruled on), we bear in mind that "a motion for continuance is addressed to the sound discretion of the trial court, and the court's ruling will not be disturbed on appeal absent a showing of abuse of that discretion." Id.

IV. DISCUSSION

Reed contends that he was denied his right to privately-retained counsel of his choice under the Hawai'i Constitution and that the Circuit Court therefore abused its discretion in denying his motion for substitution of counsel. The State contends that, under the circumstances of this case, Reed's right to private counsel was "outweighed by the government's interest in orderly administration of justice."

Article I, section 14 of the Hawai'i Constitution provides, in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for the accused's defense." In Maddagan, the supreme court interpreted this right to encompass a defendant's right to privately-retained counsel of his or her choice. 95 Hawai'i at 180, 19 P.3d at 1292. Maddagan also recognized that a defendant's right to counsel of choice is "qualified" and "can be outweighed by countervailing government interests." Id. (citation omitted). In Cramer, the supreme court examined the countervailing government interests that should be balanced against the right to counsel of choice. 129 Hawai'i at 301-02, 299 P.3d at 761-62.

In Cramer, the Hawai'i Supreme Court cited a California case for identifying the following factors for consideration:

> [T]he trial court should have considered:
> (1) length of the continuance;
> (2) whether there was a dilatory motive for the continuance;
> (3) whether the prosecution knew of the motions beforehand and whether the prosecution objected;
> (4) whether the delay would have inconvenienced the prosecution or its witnesses;

> (5) whether current court-appointed counsel was prepared to proceed;
> (6) whether the defendant had already retained private counsel; and
> (7) whether the continuance would interfere with the efficient administration of justice[.]

Id. at 301, 299 P.3d at 761 (citation omitted; format altered). The Hawai'i Supreme Court also cited a Wisconsin case that considered the following factors: "the length of the delay requested, whether competent counsel was presently available and prepared to try the case, whether prior continuances have been requested and received by the defendant, the inconvenience to the parties, witnesses and the court, and whether the delay was for legitimate reasons or whether its purpose was dilatory." Id. at 302, 299 P.3d at 762 (citation omitted).

In looking at the case before it, the Cramer court ruled as follows:

> [T]he circuit court merely considered one factor--timeliness of the request--in making its determination to deny the motion for substitution and a continuance. The record does not reflect that the circuit court considered, for example, the length of the delay requested, the impact of the delay on the prosecution, witnesses or the court, and whether the delay was for a dilatory purpose.
>
> Consideration of those other factors supports the conclusion that the circuit court abused its discretion in denying the motion for substitution and a continuance. The State took no position on the request and there was no apparent prejudice to the State. The record does not establish that the circuit court would have been inconvenienced by the request, particularly given that it subsequently ordered a one-week continuance of the sentencing hearing. The record also does not establish that there were witnesses present at the initial hearing who would be inconvenienced by a continuance. Furthermore, there had been only one prior continuance in the proceeding, which was a stipulated continuance of the trial from September 16, 2010 to November 4, 2010. Under the circumstances, the court's summary denial of the motion for substitution and a continuance as untimely was an abuse of discretion.

Id. at 302, 299 P.3d at 762.

In the case before us, a number of the factors identified in Cramer were before the Circuit Court, although not all were recited in the court's ruling. In the first instance, the Circuit Court appeared focused on when Reed retained new counsel and whether privately-retained counsel was ready to proceed with trial that day. The court was informed that private

counsel had been contacted prior to the final trial call. However, no motion was filed seeking substitution of counsel, and a continuance, in the days between the trial call and the first day of trial. Thus, on the day of trial, when Reed's oral motion was presented, a jury pool was waiting, and witnesses had been subpoenaed to appear at trial. Newly-retained counsel was given an opportunity to clarify the length of the requested continuance, but was noncommittal, stating he had not yet interviewed Reed or Reed's witnesses.

The Circuit Court also allowed Reed to articulate his concerns about the diligence of his appointed counsel in responding to his calls and in interviewing and securing defense witnesses. Court-appointed counsel appeared to be ready for trial. Based on the timing of the motion on the day of trial, and the court's observation that Reed had several other cases pending (one of which had been continued at the prior week's trial call), the Circuit Court concluded that Reed's request was a "dilatory tactic."

Like the prosecution in Cramer, the State did not take a position on Reed's motion, and the record does not show any specific prejudice to the State. In addition, there were two prior, relatively brief, continuances; the first continuance was related to discovery from the State that had not been completed, and the second continuance was due to various reasons (listed above), including the death of a defense witness and previously undisclosed State witnesses. Nevertheless, witnesses were ready, a jury pool was waiting, appointed counsel was ready to go, and in the trial court's assessment, Reed's request was a dilatory tactic.

In light of Cramer's reiteration that the decision is left to the sound discretion of the trial court, and on the record of this case, although there are factors supporting as well as weighing against Reed's request, we cannot conclude that the Circuit Court's assessment that Reed's request was made for dilatory purposes was clearly wrong. Accordingly, the Circuit

Court's denial of the motion for substitution was not an abuse of discretion.

V.    CONCLUSION

For these reasons, the Circuit Court's January 11, 2013 Judgment of Conviction is affirmed.

DATED: Honolulu, Hawai'i, April 25, 2014.

On the briefs:

Summer M.M. Kupau
Deputy Public Defender
for Defendant-Appellant

Sonja P. McCullen
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge